# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FESTIVAL FUN PARKS, LLC, a Delaware limited liability company, | ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | C.A. No.: N23C-03-304 EMD CCLD |
| MS LEISURE COMPANY and DOLPHIN LEISURE, INC., | ) ) | |
| Defendants. | ) ) | |

Submitted: October 3, 2023
Decided: December 18, 2023

*Upon Plaintiff's Motion for Judgment on the Pleadings*
**GRANTED in part and DENIED in part**
**Leave to amend the Answer with conditions**

Jamie L. Brown, Esquire, Heyman Enerio Gattuso & Hirzel LLP, Wilmington, Delaware, Ian M. Ross, Esquire, Sidley Austin LLP, Miami, Florida. *Attorneys for Plaintiff Festival Fun Parks, LLC.*

Lisa Zwally Brown, Esquire, Brian T. Reed, Esquire, Greenberg Traurig, LLP, Wilmington, Delaware. *Attorneys for Defendants MS Leisure Company and Dolphin Leisure, Inc.*

**DAVIS, J.**

## I.    INTRODUCTION

This is a civil action assigned to the Complex Commercial Litigation Division of the Court. Plaintiff Festival Fun Parks, LLC ("Festival Fun Parks") has a complaint (the "Complaint') against Defendants MS Leisure Company ("MS Leisure") and Dolphin Leisure, Inc. ("Dolphin" or "Guarantor," and, collectively with MS Leisure, "Defendants") for breach of contract and breach of guaranty.[1] Festival Fun Parks contends that Defendants failed to pay

---

[1] Compl. ¶ 2 (D.I. No. 1)

$1,400,000 in Deferred Purchase Price payments under the terms of the parties' Asset Purchase Agreement ("APA").[2]

On or about August 16, 2021, Festival Fun Parks and MS Leisure and Dolphin entered into the APA.[3]  Under the APA, Festival Fun Parks agreed to sell substantially all of the assets of Miami Seaquarium to Buyer MS Leisure.  In addition to installment payments due at various points before and at closing, the APA outlined four post-closing payments totaling $4,500,000 (the "Deferred Purchase Price").[4] Festival Fun Parks alleges that MS Leisure has failed to pay $1,400,000 of the Deferred Purchase Price in breach of the APA, and that Dolphin, as Guarantor, has also failed to pay this amount in breach of its obligations under the APA.[5]

On March 31, 2023, Festival Fun Parks filed the Complaint in this Court for Breach of Contract (Count I) against Defendant MS Leisure and Breach of Guaranty (Count II) against Defendant Dolphin.[6]  In their answer (the "Answer"), Defendants "admit only that they have not paid Plaintiff the amount it alleges is outstanding" but deny that this makes them liable for breach.[7]  Additionally, the Answer lists two affirmative defenses.

Now before the Court is Festival Fun Parks' Motion for Judgment on the Pleadings under Superior Court Civil Rule 12(c).[8]  Festival Fun Parks argues that Defendants' admission to non-payment of the full amount due under the APA constitutes an admission of all elements of breach and therefore no issues of material fact remain to defeat the Motion.[9]  Further, Festival Fun Parks

---

[2] *Id.*

[3] Exhibit A to Plaintiff's Op. Br. in Sup. of Its Mot. for Jud. on the Pleadings (D.I. No. 11)  (hereinafter "APA" or "Agreement")

[4] APA at 15.

[5] Compl. ¶ 2.

[6] Id. ¶¶ 29, 37-40.

[7] Defendants' Answer to Compl. (hereinafter "Answer") ¶¶ 19, 21, 37, 39 (D.I. No. 5).

[8] D.I. No. 10.

[9] Pl.'s Opening Br. in Supp. Of Its Mot. for J. on the Pleadings (hereinafter "MJP") at 5 (D.I. No. 11) ("[T]he elements of a breach of contract claim are: (1) a contractual obligation; (2) a breach of that obligation; and (3) resulting

claims that Defendants' "purported" affirmative defenses are inadequately pled and therefore fail to preclude judgment on the pleadings.[10]

For the reasons stated below, the Motion is **GRANTED** in part and **DENIED** in part. Defendants will have 20-days to amend their Answer to the Complaint. Any amendment is without prejudice to any motion that Festival Fun Parks to the sufficiency of the Answer and its affirmative defenses. Defendants may not assert any counterclaims or third-party claims without leave of the Court.

## II.     RELEVANT FACTS

### A.  THE PARTIES

Festival Fun Parks is a Delaware limited liability company with its principal place of business in Pittsburgh, Pennsylvania.[11] Festival Fun Parks operates amusement parks and other attractions nationwide, and was the prior owner of Miami Seaquarium, an aquarium and "family tourist attraction" in Miami, Florida.[12]

MS Leisure and Dolphin are each incorporated and have their principal places of business in Florida.[13] [14] They are the Purchaser and Guarantor, respectively, of Miami Seaquarium.

### B.  THE ASSET PURCHASE AGREEMENT

On or about August 16, 2021, the parties executed the APA.[15] Under the APA, Festival Fun Parks agreed to sell substantially all the assets of Miami Seaquarium to MS Leisure.[16]

---

damages.") (quoting *River Valley Ingredients, LLC v. American Proteins, Inc.*, WL 598539, at *7 (Del. Super. Feb. 4, 2021))).

[10] *Id*. at 6.

[11] Compl. at 1.

[12] MJP at 1.

[13] Answer ¶ 8.

[14] *Id*. ¶ 9.

[15] *See, e.g.,* APA at 2; Compl. ¶ 14; MJP at 1.

[16] *See, e.g.,* APA at 2; Compl. ¶ 14; MJP at 1.

The payment structure consisted of a $1,500,000 Deposit Amount due concurrently with the execution of the APA; a $9,000,000 Second Installment due upon Closing; and a $4,500,000 Deferred Purchase Price.[17] The Deferred Purchase Price was split into four installments at three-month intervals post-closing, with a final $1,500,000 payment due twelve months after the Closing Date.[18]

Dolphin is the Guarantor of the Deferred Purchase Price.[19]

## C. CURRENT LITIGATION

In the Complaint, Festival Fun Parks alleges that MS Leisure has failed to pay $1,400,000 in Deferred Purchase Price payments due under the APA, and that Dolphin, as Guarantor, has similarly failed to meet its payment obligations.[20] Festival Fun Parks asserts that "MS Leisure's nonpayment constitutes a breach of covenant, representation, or warranty" and that Festival Fun Parks is therefore entitled to interest, reasonable fees, and other relief necessary to be made whole.[21]

Festival Fun Parks claims that Dolphin's obligation (as Guarantor) to make the Deferred Purchase Price payments was triggered by MS Leisure's failure to make those payments.[22] Moreover, Festival Fun Parks has requested that Dolphin "complete making the payments due under the Agreement," and Dolphin has "refused."[23] As such, Festival Fun Parks contends Dolphin is in material breach.[24]

---

[17] APA § 2.7.
[18] Id.
[19] Id. § 2.9. ("Limited Guaranty: Guarantor hereby guarantees the payment when due of the Deferred Purchase Price owed by the Buyer pursuant to Section 2.7(c).").
[20] See generally Compl.
[21] Id. at 7.
[22] Id. ¶¶ 38-40.
[23] Id.
[24] Id.

In the Answer, Defendants "admit only that they have not paid Plaintiff the amount it alleges is outstanding."[25] By way of further response, Defendants generally deny Festival Fun Parks' allegations and repeatedly "respectfully direct the Court to the Agreement for its full contents and deny any characterizations that are inconsistent with its terms."[26] Defendants list the following under the heading of "Affirmative Defenses":

(1) Plaintiff's claims are barred, in whole or in part, by waiver, acquiescence, and/or estoppel.

(2) Plaintiff's claims are barred, in whole or in part, to the extent that any damages sustained by Plaintiff were caused, in whole or in part, by its own acts, approvals, or omissions.[27]

On June 13, 2023, Festival Fun Parks filed the present Motion for Judgment on the Pleadings pursuant to Superior Court Civil Rule 12(c).

## III. PARTIES' CONTENTIONS

### A. FESTIVAL FUN PARKS' MOTION FOR JUDGMENT ON THE PLEADINGS

Festival Fun Parks asserts that this is a "straightforward breach of contract claim" in which Defendants "concede" that the amount in controversy "is owed under the [APA]."[28] As such, Festival Fun Parks maintains that "Defendants admit all facts substantiating their breach of contract."[29] Because Defendants have admitted to not paying the amount contractually owed, Festival Fun Parks asserts that Defendants have therefore left no issues of material fact to be determined, warranting judgment on the pleadings.[30]

---

[25] Answer ¶¶19, 21.
[26] *See generally id*.
[27] *Id.* ¶ 16.
[28] MJP at 1.
[29] *Id*.
[30] *See id*. at 5-6 ("Defendants have conceded that the APA required them to pay the outstanding balance owed to Plaintiff **and** that they have not paid the amounts owed, and thus have breached the APA's express terms and have necessarily caused Plaintiff more than $1.4 million in damages (the amount of the Deferred Purchase Price that remains outstanding). Accordingly, Plaintiff is entitled to judgment as a matter of law." (internal citations omitted)).

Further, Festival Fun Parks characterizes Defendants' "purported" affirmative defenses as "conclusory statements untethered to any facts [that do not] excuse Defendants' obligations under the APA."[31]

## B. DEFENDANT'S OPPOSITION TO FESTIVAL FUN PARKS' MOTION:

Defendants contend that "the matter is not as simple" as Festival Fun Parks has characterized. They argue that the Motion should not be granted because there are "material factual disputes" in the matter that "Defendants should be entitled to bear out . . . during discovery."[32]

Defendants assert that their first affirmative defense contests their liability overall, and that their second contests the amount Festival Fun Parks claims is owed.[33] As to that amount, Defendants aver that "any purported damages arising from an alleged breach of the Agreement remain a live factual dispute that Plaintiff must prove before a jury."[34]

Defendants emphasize that their admission of "only" not having paid the amount allegedly outstanding is not a concession that Festival Fun Parks is "entitled" to that amount.[35] Defendants rely on the second affirmative defense—that Festival Fun Parks' claims are barred to the extent caused by its own acts, approvals, or omissions— and claim it is "clear" that the amount owed is in dispute.[36]   In support, Defendants state for the first time in their Brief in Opposition to Plaintiff's Motion that they "have relayed multiple times that payments that were

---

[31] Defs.' Answering Br. in Opp'n to P.'s Mot. for J. on the Pleadings (hereinafter "Opp'n") at 4, 6 (D.I. No. 14).
[32] *Id*. at 6.
[33] *Id*. at 2.
[34] *Id*.at 4, 5 ("Damages are a quintessential question of fact. . . . Plaintiff cannot be granted judgment on the pleadings here without the fact of damages having been admitted.").  The Court would note that the right to a "trial by jury" has been expressly waived in the APA at § 10.13.
[35] *Id*. at 5.
[36] *Id*. at 5 ("Plaintiff is aware that Defendants are contesting that the amount owed is $1,400,000 as it alleges . . .").

owed to Defendants have incorrectly been submitted to Plaintiff and should be subtracted from any amount owed."[37]

### C. FESTIVAL FUN PARKS' BRIEF IN FURTHER SUPPORT OF ITS MOTION

Festival Fun Parks reiterates its position that no material facts remain in dispute.[38] Festival Fun Parks argues that judgment on the pleadings is appropriate "particularly . . . in matters seeking to collect a debt where the defendants admit they owe the outstanding balance."[39]

Festival Fun Parks contests Defendants' argument that damages here are a question of fact. Festival Fun Parks notes that "[t]he APA makes clear that Defendants owe a sum certain—$1,400,000 in Deferred Purchase Price payments—and Defendants concede they owe and have not paid the same."[40]

Regarding Defendants' second affirmative defense, Festival Fun Parks asserts it is "inadequately pled, and has not been substantiated through factual allegations concerning any such purported 'acts, approvals, or admission [sic].'"[41] Festival Fun Parks claims that Defendants' "failure to substantiate" its defense with such facts "is fatal to their reliance on the same to defeat a motion for judgment on the pleadings."[42]

---

[37] *Id*. at 5-6.
[38] Pl.'s Reply Br. in Further Supp. of its Mot. for J. on the Pleadings (hereinafter "Reply") at 1 (D.I. No. 15) ("The *only* effort Defendants make to demonstrate an open question of material fact is a vague and unsupported assertion that there is an open issue as to 'damages,' which they claim is a 'jury issue,' where they may be entitled to some sort of setoff that is not alleged in their Answer.").
[39] *Id*. at 2-3 (Citing *Freitag Funeral Homes, Inc. v. Gildea*, 2013 WL 12201345 (Del. Com. Pl. May 23, 2013)).
[40] *Id*. at 3-4.
[41] *Id*. at 4.
[42] *Id*.

As to Defendants' assertion of a "setoff" based on "payments incorrectly submitted to Plaintiff," Festival Fun Parks points out that, in addition to not asserting this as an independent affirmative defense, Defendants similarly did not support this claim with pled facts.[43]

## IV. STANDARD OF REVIEW

### A. MOTION FOR JUDGMENT ON THE PLEADINGS

A party may move for judgment on the pleadings pursuant to Civil Rule 12(c).[44] In determining a motion under Civil Rule 12(c) for judgment on the pleadings, the Court is required to view the facts pled and the inferences to be drawn from such facts in a light most favorable to the non-moving party.[45] The Court must take the well-pled facts alleged in the complaint as admitted.[46] When considering a motion under Civil Rule 12(c), the Court also assumes the truthfulness of all well-pled allegations of fact in the complaint.[47] The Court must, therefore, accord parties opposing a Rule 12(c) motion the same benefits as a party defending a motion under Civil Rule 12(b)(6).[48]

However, a court will "not rely upon conclusory allegations . . . [and] neither inferences nor conclusions of fact unsupported by allegations of specific facts . . . are accepted as true."[49] Further, "[a] trial court need not blindly accept as true all allegations, nor must it draw all

---

[43] *Id*. at 5.

[44] Civil Rule 12(c) provides:
> *Motion for judgment on the pleadings* — After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

[45] *See Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993); *see also Warner Commc'ns, Inc. v. Chris–Craft Indus., Inc.*, 583 A.2d 962, 965 (Del. Super.), *aff'd without opinion*, 567 A.2d 419 (Del. 1989).

[46] *See Desert Equities, Inc.*, 624 A.2d at 1205; *Warner Commc'ns, Inc.*, 583 A.2d at 965.

[47] *See McMillan v. Intercargo Corp.*, 768 A.2d 492, 500 (Del. Ch. 2000).

[48] *See id.*

[49] *Id*. (internal citations omitted).

inferences from them in plaintiffs' favor unless they are reasonable inferences.'"[50] Yet, if the non-moving party "presents any reasonably conceivable set of facts susceptible of proof to support its claim, the motion against it must be denied. A complaint will not be dismissed unless it is clearly without merit. 'Vagueness or lack of detail' is not enough for dismissal."[51]

With these considerations in mind, the Court may grant a motion for judgment on the pleadings only when no material issue of fact exists and the movant is entitled to judgment as a matter of law.[52]

## B. THE "PLEADINGS" CONSIDERED

On a 12(c) motion, the Court considers all pleadings, including the complaints, answers, "documents integral to the pleadings," such as those attached as exhibits or incorporated by reference, and facts subject to judicial notice.[53]

## C. THE PLEADING STANDARD FOR AFFIRMATIVE DEFENSES

While this Court will "view the facts pleaded and the inferences to be drawn from such facts in a light most favorable to the non-moving party" on a motion for judgment on the Pleadings, a party asserting affirmative defenses nevertheless bears the burden of adequately pleading those defenses.[54] Therefore:

> [I]n order for those defenses to raise material issues of fact that would preclude judgment on the pleadings, [a party] must support the defenses with more than just summary pleading. The rhythmic incantation of multiple affirmative defenses, each

---

[50] *Id.* (internal citations omitted).

[51] *Velocity Exp., Inc. v. Office Depot, Inc*., 2009 WL 406801, at *4 (Del. Super. 2009) (internal citations omitted).

[52] *See Desert Equities, Inc., Inc.*, 624 A.2d at 1205; *Warner Commc'ns, Inc.*, 583 A.2d at 965.

[53] *Jiménez v. Palacios,* 250 A. 3d 814, 827 (Del. Ch. 2019); *accord Patheon Biologics LLC v. Humanigen Inc*., 2023 WL 5041233, at *1 (Del. Super. July 31, 2023); *see also Intermec IP Corp. v. TransCore, LP*, 2021 WL 3620435, at *8 (Del. Super. Aug. 16, 2021) ("[T]he Court can consider, limitedly, documents outside the pleadings but integral to and incorporated referentially into them.").

[54] *See, e.g., RBY&CC Homeowners Ass'n, Inc. v. Beebe*, 2023 WL 3937932, at *18 (Del. Ch. June 9, 2023); *TA Operating LLC v. Comdata, Inc.*, 2017 WL 3981138, at *21 (Del. Ch. Sept. 11, 2017).

revealed in a single sentence, cannot, alone, defeat an otherwise well-supported motion for judgment on the pleadings.[55]

In looking to the record, "[a] Court must examine what has been alleged in the pleadings, not what a [litigant] believes has been alleged."[56]

## V. DISCUSSION

### A. DEFENDANTS' AFFIRMATIVE DEFENSES ARE INADEQUATELY PLED TO DEFEAT THE BREACH OF CONTRACT AND BREACH OF GUARANTY CLAIMS

MS Leisure and Dolphin have failed to support their affirmative defenses as Delaware law requires. Festival Fun Parks correctly characterizes Defendants' affirmative defenses as "conclusory statements untethered to any facts [that do not] excuse Defendants' obligations under the APA".[57] Insofar as Defendants' statements fail to raise issues of material fact as to their liability for breach, these defenses fail.

Defendants do not dispute the validity of the APA, challenge the meaning of any of its language, or argue they are not bound by its terms. Indeed, Defendants "respectfully direct the Court to the Agreement for its full contents and deny any characterizations that are inconsistent with its terms" twenty-six times in their Answer to Festival Fun Parks' Complaint.[58] Therefore, in acknowledging the validity of the APA and their failure to pay according to its terms, Defendants have admitted breach.

Defendants do not provide any facts to support the statements listed under "Affirmative Defenses" in their Answer. The only additional information provided is found in their reply to

---

[55] *GreenStar IH Rep, LLC v. Tutor Perini Corp.*, 2017 WL 5035567, at *8 (Del. Ch. Oct. 31, 2017), judgment entered, (Del. Ch. 2017), *aff'd*, 186 A.3d 799 (Del. 2018), and aff'd, 186 A.3d 799 (Del. 2018); *see also Leaf Invenergy Co. v. Invenergy Wind LLC,* 2016 WL 3566365, at *3 (Del. Ch. June 30, 2016) ("[A] pleading that makes a conclusory statement and does not plead the specific facts required to support the affirmative defense fails to adequately raise the alleged affirmative defense, and the alleged affirmative defense fails as a matter of law.") (quoting 61 A Am. Jur. 2d *Pleading § 270*).

[56] *Tygon Peak Cap. Mgmt., LLC v. Mobile Invs. Investco, LLC*, 2023 WL 4857281, at *5 (Del. Ch. July 31, 2023).

[57] MJP at 4.

[58] *See generally* Answer.

Plaintiff's Motion, in which they claim to "have relayed multiple times that payments that were owed to Defendants have incorrectly been submitted to Plaintiff and should be subtracted from any amount owed."[59]  This, Defendants assert, has made Festival Fun Parks "aware" that the amount is contested.[60]  Defendants maintain that their second affirmative defense, as stated, makes this "clear."[61]

This is inadequate for the purposes of pleading an affirmative defense, where the Court must examine "what has been alleged in the pleadings, not what a [litigant] believes has been alleged."[62]  Therefore, the Court will **GRANT**, in part, the Motion but, as stated below, allow Defendants leave to amend the Answer, subject to certain conditions.

## B.  DEFENDANTS WILL BE ALLOWED TO AMEND THE ANSWER.

Despite Defendants' inadequately pled affirmative defenses failing to support their argument that damages are at issue, neither are those damages an undisputed "sum certain" as Festival Fun Parks claims.  Therefore, damages remain a disputed issue of material fact and this precludes a complete judgment on the pleadings.

Certainly, the amount due under a contract meets the definition of "sum certain" in that it is an "amount that is fixed, settled, or exact."[63]  However, this does not make that "sum certain" synonymous with "damages," which is a term undefined in the APA and is therefore given its "plain and ordinary meaning" under Delaware law.[64]  That meaning is broader: "Money claimed

---

[59] Opp'n at 5-6.
[60] Id. at 5.
[61] *Id.*
[62] *Tygon Peak Cap. Mgmt., LLC*, 2023 WL 4857281 at *5.
[63] *Sum certain*, BLACK'S LAW DICTIONARY (11th ed. 2019).
[64] *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rhone-Poulenc Basic Chemicals Co.*, 1992 WL 22690 at *12 (Del. Super. Jan. 16, 1992) ("In the absence of such a definition, the applicable rules of construction require that the term be given its plain, ordinary meaning . . ."); *see also Corvel Corp. v. Homeland Ins. Co. of NY*, 112 A.3d 863 at n. 46 (Del. 2015) ("It is well-settled in Delaware that, in ascertaining the meaning of words not defined in a contract, courts 'look to dictionaries for assistance in determining the plain meaning of terms which are not defined in a contract.'" (quoting *Lorillard Tobacco Co. v. Am. Legacy Found.*, 903 A.2d 728, 738 (Del. 2006))).

11

by, or ordered to be paid to, a person as compensation for loss or injury."[65]  As such, "damages" here are not necessarily equal to the amount unpaid under the APA.

Therefore, while Defendants did not raise the issue of payments they claim were erroneously kept by Festival Fun Parks until their reply to Plaintiff's Motion, this does not preclude the need for further development of the record on this issue.

A dispute over the amount of damages is not an "ancillary issue" as Festival Fun Parks' characterizes it.[66]  Indeed, this Court has held "that the amount of damages constitutes a material factual dispute where there is a counterclaim for offset."[67]  While there is no such counterclaim here, and the issue was perhaps improperly and inadequately pled by Defendants at this stage of the proceedings, the Court will provide an opportunity to develop that element of the claim.

The Answer, while deficient, does place Festival Fun Parks on notice that Defendants contest the amount of any claim under the APA.  In briefing and at the hearing, Defendants raised issue of offset.  The Court notes, however, that Defendants did not raise any counterclaims or join other parties by way of third-party claims.

Prior to the hearing, Festival Fun Parks neither cited to nor argued the applicability of APA Section 10.16.  APA Section 10.16, the "No Set-Off" clause, provides:

> Neither Party shall have any right to set-off, retention, or other similar rights with respect to (a) any amounts received pursuant to this Agreement or any Ancillary Agreement; or (b) any other amounts claimed to be owed to the other Party or any member of its Group arising out this Agreement or any Ancillary Agreement.[68]

Instead, Festival Fun Parks points to *Environmental Systems, Inc. v. RESI Acquisition (Delaware) Corp.*[69] as "instructive" of the proposition that "the possibility of the unasserted

---

[65] *Damages*, BLACK'S LAW DICTIONARY (11th ed. 2019).
[66] Reply at 4.
[67] *Patheon Biologics LLC*, 2023 WL 5041233, at *3 (denying a Motion for Judgment on the Pleadings).
[68] APA § 10.16.
[69] 1999 WL 464521, at *5-6 (Del. Super. May 28, 1999).

setoff does not preclude judgment on the pleadings in Plaintiff's favor as to all amounts Defendants admittedly owe under the APA and have not paid."[70]  However a close reading of *Environmental Systems* reveals that this Court was differentiating between off-sets specifically contemplated by the parties' agreement in that case and "general off-sets" which fell outside of the scope of the instrument in question.[71]  As it was not the enumerated off-sets that were at issue but rather the general off-sets, the Court found that unrelated off-sets did not preclude a judgment on the record.[72]

Therefore, rather than being "instructive," that case may raise more questions about the potential "off-set" or "setoff"[73] effect of the payments Defendants claim were erroneously made to Festival Fun Parks.  These questions include how, if at all, such claims may be affected by the APA's No Set-Off clause.

Finally, Festival Fun Parks argues that judgment on the pleadings is appropriate "particularly . . . in matters seeking to collect a debt where the defendants admit they owe the outstanding balance."[74]  Festival Fun Parks relies on *Freitag Funeral Homes v. Gildea*,[75] but Defendants correctly distinguish that case from theirs, noting that, unlike here, the amount of damages there was unchallenged.[76]  Indeed, in *Freitag* the court stated only that it had previously granted the motion, not that that it was "especially appropriate" under the circumstances.

Delaware law provides the Court with discretion to permit a defendant to amend its answer to assert previously unasserted defenses.[77]  Moreover, the Court has the discretion to

---

[70] Reply at 5.
[71] 1999 WL 464521 at *5.
[72] *Id.*
[73] Plaintiff uses the terms "setoff" and "off-set" interchangeably.
[74] Reply at 2-3.
[75] 2013 WL 12201345, at *1-2.
[76] Opp'n at 6.
[77] *See Knutkowski v. Cross*, 2011 WL 6820335, at *2 (Del. Ch. Dec. 22, 2011).

allow the amendment of an answer so long as the amendment does not unduly surprise or prejudice the plaintiff.[78]  The Court should give leave to amend an answer "freely" when justice so requires and, although leave to amend is not automatic, "Delaware courts generally grant motions to amend liberally."[79]

The Court will allow Defendants to amend the Answer, including affirmative defenses. While deficient, the Answer did place Festival Fun Parks on notice that Defendants are contesting the amount due under the APA.  Defendants will have 20-days to amend their Answer to the Complaint.  Defendants must allege facts that support the amendments. Any amendment is without prejudice to any motion that Festival Fun Parks to the sufficiency of the Answer and its affirmative defenses.  Defendants may not assert any counterclaims or third-party claims without leave of the Court.  The Court is limiting Defendants' rights to counterclaims and third-party claims as the Answer, even read liberally, does not put Festival Fun Parks on notice as to such claims.

## VI.    CONCLUSION

For the reasons stated above, the Court **GRANTS**, in part, and **DENIES**, in part, the Motion.  Moreover, the Court gives Defendants leave to amend the Answer consistent with this decision.

**IT IS SO ORDERED.**

December 18, 2023
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:    File&ServeExpress

---

[78] *Id.*; *see also Begum v. Singh*, 2013 WL 5274408 (Del. Super. Sept. 18, 2013).
[79] *MVC Cap. Inc. v. U.S. Gas & Elec., Inc.*, 2021 WL 4486462, at *2 (Del. Super. Oct. 1, 2021).